UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO CRUZ VARGAS, | : | CIVIL ACTION NO. 4:CV-11-1442 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| DAVID A. VARANO, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff, Julio Cruz Vargas, an inmate formerly confined in the Moshannon Valley Correctional Center, filed the above captioned action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). He complains of events which occurred at his former place of confinement, the State Correctional Institution, Coal Township ("SCI-Coal Township"), Pennsylvania and names twenty-one (21) employees of SCI-Coal Township as Defendants.

Between December 13, 2013 and December 17, 2013, Defendants filed motions to dismiss. See (Docs. 176-180). On December 30, 2013, this Court issued Orders granting Plaintiff an enlargement of time within which to file a brief in opposition to Defendant Kaskie's motion to dismiss the complaint. See (Doc. 182). On January 2, 2014, this Court issued another Order granting Plaintiff an enlargement of time within which to respond to remaining Defendants' motions to

dismiss. See (Docs. 185-186).

On January 13, 2014 and January 14, 2014, Plaintiff's copies of this Court's December 30, 2013 and January 2, 2014 Orders were returned to the Court as undeliverable, with the notice that Plaintiff was released. See (Docs. 189, 190). A subsequent telephone inquiry to the Moshannon Valley Correctional Center by this Court revealed that Vargas was released from Moshannon Valley Correctional Center and was housed in the York County Prison, York, Pennsylvania.

By Order dated February 18, 2014, this Court served on Plaintiff at the York County Prison, a third Order granting him an enlargement of time, until March 10, 2014, within which to file a brief in opposition to Defendants' motions to dismiss the complaint. See (Doc. 193).

On March 3, 2014, Plaintiff's copy of this Court's February 18, 2014 Order was returned to the Court as undeliverable, and unable to forward. See (Do c. 194). Subsequent phone calls by the Court to the York County Prison and Immigration and Customs Enforcement, verified that Vargas had been removed on February 17, 2014. As such, the Court will dismiss Plaintiff's action for failure to prosecute.

**Discussion**

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may

move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Additionally, district courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Nevertheless, because of the severity of a dismissal sanction, district courts should provide plaintiffs with an opportunity to explain their reasons for failing to prosecute their action or comply with court orders prior to dismissing a case *sua sponte*. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). Accord Reshard v. Lankenau Hosp., 256 Fed. Appx. 506, 507 (3d Cir. 2007) ("Moreover, 'a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.'"), quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)). After plaintiffs are given this opportunity, the United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

This Court has no means of providing notice of its intent to dismiss because Plaintiff has not provided his current address. Significantly, a pro se plaintiff has the affirmative obligation to keep the court informed of his address. See M.D. Pa. L.R. 83.18 (stating that an unrepresented "party shall maintain on file with the clerk a current address" and "[s]ervice of any notices, copies of pleadings, motions or papers in the action at the address currently maintained on file in the clerk's office by a party shall be deemed to be effective service upon such party"). Should such address change in the course of the litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

Vargas' last communication with this Court was a February 3, 2014 letter. See (Doc. 192). Vargas has not communicated with the Court since the filing of this

letter, nor has he filed an opposition brief to any of the pending motions to dismiss. The record clearly indicates that he has been released from custody and subsequently removed from the United States. It is reasonable to conclude that Vargas has abandoned this suit. See Figueroa v. United States, 2013 U.S. Dist. LEXIS 128124, *3-4 (M.D. Pa. 2013) (Jones, J.) (determining that the plaintiff's failure to maintain a current address shows that he abandoned the litigation and finding that the Poulis factors weighed in favor of dismissal). Consequently, because Plaintiff's dilatoriness outweighs any other Poulis factors, this action will be dismissed.

    A separate Order will be issued.

Dated: March 10, 2014

_____
**United States District Judge**